Paul V. Nowicki, Esq. Town Attorney, Clarkstown
You have asked whether a town by local law may establish a procedure to determine charges of violations of a local litter law by administrative hearing. Further, you ask whether the local law may provide for a person to plead guilty by mailing an appearance ticket with a guilty plea and the fine.
The local criminal courts have trial jurisdiction of all offenses other than felonies, subject to divestiture in any particular case by superior courts (Criminal Procedure Law, § 10.30[1] and [2]). They have, with one exception, exclusive trial jurisdiction of petty offenses and concurrent jurisdiction with superior courts of misdemeanors (ibid.). Town courts are local criminal courts (id., § 10.10[3][d]).
Upon the filing with a local criminal court of an information, a prosecutor's information or a misdemeanor complaint, the defendant must be arraigned thereon (id., § 170.10[1]). (An information is a verified written accusation by a person filed with a local criminal court, which charges one or more defendants with the commission of one or more offenses, none of which is a felony, and which may serve both to commence a criminal action and as a basis for prosecution [id., § 1.20(4)]. An information also serves as the basis for prosecution of a misdemeanor; if the defendant consents, a misdemeanor complaint may form the basis for prosecution [id., § 170.10(4)(d)].) The defendant must appear personally at the arraignment, except in a case where a special procedure exists for certain offenses charged in a simplified information (id.,
§ 170.10[1][a]), and where the court, in its discretion, for good cause, may permit the defendant to appear by counsel (id., § 170.10[1][b]). A plea to an information against a natural person must be entered orally by the defendant in person unless the court permits entry of a plea by counsel submitting written authorization by the defendant (id., § 340.20[2][a]). Separate procedures exist for entering pleas to charges of traffic infractions (id., § 340.20[2][b]). A plea to an information against a corporation must be entered by counsel (id., § 340.20[3]).
These provisions, giving the courts jurisdiction over offenses and governing criminal procedure in the courts, may not be superseded by local law (Municipal Home Rule Law, § 11[1][e]; see 1980 Op Atty Gen 42).
In your letter you note that New York City has a Parking Violations Bureau that conducts administrative hearings to determine charges of parking violations. The provisions of the City's administrative code establishing the Bureau were added by State, not local law (Administrative Code of City of New York, §§ 883a-1.0, et seq., added by L 1969, ch 1075).
We conclude that a local government may not establish a procedure to determine charges of violations of a local litter law by administrative hearing. Under State law, the courts have jurisdiction over such violations.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.